**AHDOOT & WOLFSON, PC**
Robert Ahdoot, Esq. (SBN 172098)
rahdoot@ahdootwolfson.com
Tina Wolfson, Esq. (SBN 174806)
twolfson@ahdootwolfson.com
Vanessa Shakib (SBN 287339)
vshakib@ahdootwolfson.com
1016 Palm Avenue
West Hollywood, California 90069
Tel: (310) 474-9111; Fax: (310) 474-8585

**NATHAN & ASSOCIATES, APC**
REUBEN D. NATHAN (SBN 208436)
rnathan@nathanlawpractice.com
600 W. Broadway, Suite 700
San Diego, California 92101
Tel: (619)272-7014; Fax: (619) 330-1819

*Attorneys for Plaintiff and the Putative Classes*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC DICKINSON, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>24 HOUR FITNESS USA, INC., a California Corporation, 24 HOUR FITNESS HOLDINGS, LLC, a Delaware Limited Liability Company, and 24 HOUR FITNESS UNITED STATES, INC., a Delaware Corporation,<br><br>        Defendants. | Case No:  3:17-cv-4877<br><br>**CLASS ACTION COMPLAINT**<br><br><u>JURY TRIAL DEMANDED</u> |

Eric Dickinson ("Plaintiff"), individually and on behalf of all others similarly situated, based on the investigation of counsel as to the actions and omissions of defendants herein, and by his own individual knowledge as to those averments pertaining to their own circumstances, hereby complain against defendants 24 Hour Fitness USA, Inc., 24 Hour Fitness Holdings, LLC, and 24 Hour Fitness United States, Inc. (collectively, "24 Hour Fitness" or "Defendants") as follows:

## INTRODUCTION

1.    This is a civil class action seeking monetary damages, restitution, and injunctive and declaratory relief from 24 Hour Fitness arising from its deceptive and misleading labeling and marketing of merchandise sold within its various gym locations.

2.    During the Class Period, 24 Hour Fitness misrepresented the existence, nature, and amount of price discounts on products for sale onsite by purporting to offer steep discounts off of fabricated, arbitrary, and false former prices.

3.    Specifically, within its various gyms located around the country, 24 Hour Fitness represented "Reg Price[s]" that were artificial, arbitrary, and did not represent a bona fide price at which 24 Hour Fitness offered the products on a regular basis for a reasonably substantial period of time. Nor were the advertised "Reg Price[s]" prevailing market retail prices within three months immediately preceding the publication of the advertised former prices, as required by California law.

4.    Having touted a false "Reg Price," 24 Hour Fitness then offered, immediately adjacent to the false "Reg Price" representation, to sell the given product at a "NOW ONLY!" price, which supposedly represented a discount off of the false "Reg Price."

5.    But 24 Hour Fitness' "Reg Price," which represented to consumers the purported market or former price of the product, was a sham. The "Reg Price" advertised for a given product did not represent a market price at all — much less a

former price in the preceding three months.  Rather, these "Reg Prices" are fictional creations designed to enable 24 Hour Fitness phantom markdowns—thereby influencing consumer behavior, increasing sales, and promoting 24 Hour Fitness as a low-cost retailer.

6.    Plaintiff believed the truth of the price representations attached to the products he purchased from 24 Hour Fitness, which expressly told him that he was getting a bargain on his purchases.  But, Plaintiff was not receiving a bargain at all.

7.    Through its false and deceptive marketing, advertising, and pricing scheme, 24 Hour Fitness violated (and continues to violate) California law prohibiting advertising goods for sale as discounted from former prices which are false, and prohibiting misleading statements about the existence and amount of price reductions. Specifically, 24 Hour Fitness violated (and continues to violate) California's False Advertising Law ("FAL"), CAL. BUS. & PROF. CODE §§ 17501, *et seq*.; the California Unfair Competition Law ("UCL"), CAL. BUS. & PROF. CODE §§ 17200, *et seq*.; the California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1770, *et seq.;* and the Federal Trade Commission Act ("FTCA"), which prohibits "unfair or deceptive acts or practices in or affecting commerce" and specifically prohibits false advertisements.  15 U.S.C. § 52(a); 15 U.S.C. § 45(a)(1).

8.    Plaintiff, individually and on behalf of all others similarly situated, seeks restitution and other equitable remedies, including declaratory relief and injunctive relief under the UCL and FAL.

## JURISDICTION AND VENUE

9.    This Court has original jurisdiction over the subject matter of this action pursuant to the Class Action Fairness Act, 28 U.S.C. §§1332(d), 1446, and 1453(b). Plaintiff and class members are citizens of different states as the Defendants, and more than two-thirds of the proposed plaintiff class, on the one hand, and Defendants, on the other, are citizens of different states. The aggregate amount in controversy for

Plaintiff and the Class members exceeds $5 million, exclusive of interest and costs.

10.  This Court has personal jurisdiction over Defendants because Defendants are headquartered in California, conduct business in California, and otherwise intentionally avail themselves of the markets in California to render the exercise of jurisdiction by this Court proper.  Defendants have marketed, promoted, distributed, and sold the offending products in California.

11.  Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the acts and transactions giving rise to the violations of law complained of herein occurred in this District, and because Defendants:

(a)     conduct business itself or through agent(s) in this District by advertising, marketing, distributing, and/or retailing its products in this District; and/or

(b)     are licensed or registered in this District; and/or

(c)     otherwise have sufficient contacts with this District to justify Defendants being fairly brought into court in this District.

12.  Intradistrict Assignment: pursuant to Civil Local Rules 3-2(c), a substantial part of the events or omissions that give rise to the claims herein occurred in Contra Costa County, and it is therefore appropriate to assign this action to the San Francisco Division.

## **PARTIES**

13. Plaintiff Eric Dickinson ("Dickinson") is a resident of Costa Mesa, California. Plaintiff purchased the products alleged herein from Club 891, also located in Costa Mesa, California.

14.  Upon information and belief, Defendant 24 Hour Fitness USA, Inc., a California corporation, Defendant 24 Hour Fitness Holdings, LLC, a Delaware limited liability company, and Defendant 24 Hour Fitness United States, Inc., a Delaware corporation are headquartered in San Ramon, California. Upon information and belief, 24 Hour Fitness is the largest privately owned and operated chain of fitness centers,

1  with more than 400+ clubs located in 13 states and Asia, and a membership in excess

2  of 4 million.[1]

3  ### FACTUAL ALLEGATIONS

4  15.  At its gym locations, 24 Hour Fitness offers for sale certain health and

5  nutrition products.

6  16.  Both members and non-members of 24 Hour Fitness are able to purchase

7  these products.

8  17.  On or about June 4, 2017, Plaintiff shopped in 24 Hour Fitness Club 891,

9  located in Costa Mesa, California.   He observed promotional discounts for both

10  Dymatize ISO100 Hydrolyzed Protein Powder and Cellular C4 Powder.

11  18.  Specifically, 24 Hour Fitness advertised Dymatize ISO100 Hydrolyzed

12  Protein Powder with a "Reg Price," or regular price, of $74.99, and a "NOW ONLY!"

13  or sale price of $49.99, as below.



27

28
_____

[1] https://www.24hourfitness.com/company/about_us/ (last visited July 29, 2017)

19. Additionally, 24 Hour Fitness advertised Cellular C4 Powder (30 servings) with a "Reg Price," or regular price, of $39.99, and a "NOW ONLY!" or sale price of $29.99, as below.



20. Enticed by the idea of paying a price significantly less than the market price, Plaintiff was induced to purchase two items: (i) a 3lb container of Dymatize ISO100 Hydrolyzed Protein Powder, Item No. 705016353132, and (ii) a 30-serving container of Cellular C4 Powder, Item No. 81 0390028436. Plaintiff purchased these items for the advertised "NOW ONLY!" sale price, as set forth above.

21. By purchasing the Dymatize ISO100 Hydrolyzed Protein Powder and Cellular C4 Powder for the "NOW ONLY!" sale price of $49.99 and $29.99, respectively, instead of the "Reg Price" or market price, Plaintiff was led to believe that he saved 33% and 25%, respectively, on his purchases.

22. In reality, the "Reg Price" was not a bona fide price at 24 Hour Fitness offered the products on a regular basis for a reasonably substantial period of time.

Nor were the advertised "Reg Price[s]" prevailing market retail prices within three months immediately preceding the publication of the advertised former prices. Thus, Plaintiff was deceived by the false price comparison into making a full retail purchase with no discount.

23.   Plaintiff and class members' reliance on 24 Hour Fitness' false price comparison advertising was reasonable.   In fact, empirical market studies provide an incentive for retailers to engage in this false and fraudulent behavior:

> [c]omparative price advertising offers consumers a basis for comparing the relative value of the product offering by suggesting a monetary worth of the product and any potential savings…[A] comparative price advertisement can be construed as deceptive if it makes any representation, … or involves any practice that may materially mislead a reasonable consumer.

Dhruv Grewal and Larry D. Compeau, *Comparative Price Advertising: Informative or Deceptive?*, JOURNAL OF PUBLIC POLICY & MARKETING, Vol. 11, No. 1, at 52 (Spring 1992).   In short:

> [b]y creating an impression of savings, the presence of a higher reference price enhances subjects' perceived value and willingness to buy the product…Thus, if the reference price is not truthful, a consumer may be encouraged to purchase as a result of a false sense of value.

*Id.* at 55-56.

24.   By using both a "Reg Price" and a "NOW ONLY!" price, Defendant communicates that its products are discounted from their normal, everyday pricing, and are less expensive than the market price.   Plaintiff and the putative class rely on these representations to make purchasing decisions.   Thus, 24 Hour Fitness makes the "regular" price as large as possible to exaggerate the savings that are supposedly realized by either (1) using the highest price at which a product has ever been listed at its stores (regardless of when the price was established or if it represents the price at which the product would normally be sold), or (2) completely fabricating the baseline price.   Accordingly, 24 Hour Fitness knows, or should have known, that it misinforms

its consumers regarding the discount pricing of its products.

25.   24 Hour Fitness' illusory discounts are particularly misleading because consumers often decide to make purchases based on an internal reference price; customers will often make a purchasing decision when they believe products to be less expensive than the perceived "normal" value of a given item.

26.   By featuring "discounts" derived from improper price comparisons, 24 Hour Fitness takes advantage of this well-documented behavior in order to influence its customers into purchasing an item.   24 Hour Fitness' practices also mollify consumers' concerns about missing a "better deal" and discourages comparison shopping by creating a false sense of urgency (an impression that the "NOW ONLY!" pricing is temporary and that a consumer should act quickly or lose significant savings).

27.   24 Hour Fitness also inflates its "Reg Price" to maintain the illusion that 24 Hour Fitness pricing is consistently lower than other retailers.  If 24 Hour Fitness actually advertised a valid "Reg Price" that accurately reflected the current market price of a product, consumers would be aware that 24 Hour Fitness does not provide the deals it purportedly offers and would not make purchases from its stores.

28.   By way of example, in the three months preceding Plaintiff's purchase, bodybuilding.com offered Dymatize ISO100 Hydrolyzed Protein Powder, 3 lbs, for a price of $49.99.  24 Hour Fitness' "Reg Price" was significantly more expensive—at $74.99.  Yet, 24 Hour Fitness advertises that its Dymatize ISO100 Hydrolyzed Protein Powder, 3 lbs, is substantially discounted at the "NOW ONLY!" sale price of $49.99—even though the "Reg Price" of $74.99 was not the actual, bona fide price at which 24 Hour Fitness offered the product on a regular basis for a reasonably substantial period of time, and was not prevailing market retail price within three months immediately preceding the publication of the advertised former price.

29.   And, on or about the time of Plaintiff's purchase, GNC.com offered the

Dymatize ISO100 Hydrolyzed Protein Powder, 3 lbs, for $49.99.  24 Hour Fitness' "Reg Price" was significantly more expensive—at $74.99.  Yet, 24 Hour Fitness advertises that its Dymatize ISO100 Hydrolyzed Protein Powder, 3 lbs, is substantially discounted at the "NOW ONLY!" sale price of $49.99—even though the "Reg Price" of $74.99 was not the actual, bona fide price at which 24 Hour Fitness offered the product on a regular basis for a reasonably substantial period of time, and was not prevailing market retail price within three months immediately preceding the publication of the advertised former price.

30.  Additionally, in the three months preceding Plaintiff's purchase, bodybuilding.com offered the Cellular C4 Powder, 30 servings, for $26.99.  24 Hour Fitness' "Reg Price" was significantly more expensive—at $39.99.  Yet, 24 Hour Fitness advertises that its Cellular C4 Powder is substantially discounted at the "NOW ONLY!" sale price of $29.99—even though the "Reg Price" of $39.99 was not the actual, bona fide price at which 24 Hour Fitness offered the product on a regular basis for a reasonably substantial period of time, and was not prevailing market retail price within three months immediately preceding the publication of the advertised former price.

31.  And, on or about the time of Plaintiff Dickinson's purchase, GNC.com offered the Cellular C4 Powder, 30 servings, for $26.99.  24 Hour Fitness' "Reg Price" was significantly more expensive—at $39.99.  Yet, 24 Hour Fitness advertises that its Cellular C4 Powder is substantially discounted at the "NOW ONLY!" sale price of $29.99—even though the "Reg Price" of $39.99 was not the actual, bona fide price at which 24 Hour Fitness offered the product on a regular basis for a reasonably substantial period of time, and was not prevailing market retail price within three months immediately preceding the publication of the advertised former price.

32.  These false discounts are not limited to the products that Plaintiff purchased.  Instead, these false and misleading discounts appear on a large percentage

of 24 Hour Fitness' products.

33.   Despite the "Reg Price"/"NOW ONLY!" scheme used by 24 Hour Fitness, Plaintiff would purchase products in the future from 24 Hour Fitness locations, if discount representations accurately reflect former prices and discounts. Currently, however, Plaintiff and consumers have no realistic way to know which — if any — of 24 Hour Fitness' price comparisons are truthful.  If the Court were to issue an injunction ordering 24 Hour Fitness to comply with California's comparative price advertising laws, and prohibiting 24 Hour Fitness' use of the deceptive practices discussed herein, Plaintiff would likely shop for 24 Hour Fitness products again in the near future.

34.   By marketing products' "Reg Prices" at artificially high levels – levels that would not be competitive in the current prevailing market – 24 Hour Fitness concocts discounts that do not exist.

35.   Such practice is not new; retailers have historically used the same misleading tactic.   In response, both California lawmakers and federal regulators prohibited such injurious conduct.   As stated above, California Business & Professions Code, section 17501, specifically states that:

> No price shall be advertised as a former price of any advertised thing, unless the *alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement* or *unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement*.

(Emphasis added).

36.   The provision of section 17501 differentiates subjective uncertainty from clear illegality.  The market price at the time of publication of such an advertisement is the average price charged in the locality where the advertisement is published. Accordingly, 24 Hour Fitness can only include a "Reg Price" in its advertisements, for comparative purposes, if (1) the prevailing market price has been researched (in each relevant market) and the "Reg Price" is the average retail market price within the past

three months, or (2) it advertises the date on which the published "Reg Price" was last in effect.  24 Hour Fitness does neither.

37.  Federal regulations also proscribe such deceptive comparative pricing conduct:

> . . . a reduction from the advertiser's own former price for an article. If the former price is the actual, bona fide price at which the article was offered to the public on a regular basis for a reasonably substantial period of time, it provides a legitimate basis for the advertising of a price comparison. Where the former price is genuine, the bargain being advertised is a true one. If, on the other hand, the former price being advertised is not bona fide but fictitious--for example, where an artificial, inflated price was established for the purpose of enabling the subsequent offer of a large reduction--the "bargain" being advertised is a false one; the purchaser is not receiving the unusual value he expects. In such a case, the "reduced" price is, in reality, probably just the seller's regular price.

16 C.F.R. § 233.1(a) (emphasis added).

38.  As a result, a business acts improperly when it manufactures or exaggerates a discount intended to make products appear more attractive.

## CLASS ALLEGATIONS

39.  Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23 for the following nationwide Class of persons:

> All persons nationwide who, within the applicable statute of limitations preceding the filing of this action, purchased product(s) with an advertised discount from 24 Hour Fitness.

40.  In the alternative, Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23 for the following state-wide Class of persons:

> All persons in the State of California who, within the applicable statute of limitations preceding the filing of this action, purchased product(s) with an advertised discount from 24 Hour Fitness.

41.  Excluded from the Class are 24 Hour Fitness, its parents, subsidiaries, affiliates, officers and directors, any entity in which 24 Hour Fitness has a controlling

interest, all customers who make a timely election to be excluded, governmental entities, and any judge, justice or judicial officer presiding over this matter and members of their immediate families and judicial staff.

42. Plaintiff reserves the right to amend the Class definition if further investigation and discovery indicates that the Class definition should be narrowed, expanded, or otherwise modified.

43. <u>Numerosity</u>. While the exact number of Class members is unknown to Plaintiff at this time, and will be ascertained through appropriate discovery, Plaintiff is informed and believes that the Class consists of thousands of members.  The number of individuals who comprise the Class is so numerous that joinder of all such persons is impracticable and the disposition of their claims in a class action, rather than in individual actions, will benefit both the parties and the courts.

44. <u>Typicality</u>. Plaintiff's claims are typical of the claims of the other members of the Class. All members of the Class have been and/or continue to be similarly affected by 24 Hour Fitness' wrongful conduct as complained of herein, in violation of federal and state law.  Plaintiff is unaware of any interests that conflict with or are antagonistic to the interests of the Class.

45. <u>Adequacy of Representation</u>. Plaintiff will fairly and adequately protect the Class members' interests and have retained counsel competent and experienced in consumer class action lawsuits and complex litigation.  Plaintiff and his counsel have the necessary financial resources to adequately and vigorously litigate this class action, and Plaintiff is aware of his duties and responsibilities to the Class.

46. <u>Commonality</u>. 24 Hour Fitness has acted with respect to the Class in a manner generally applicable to each Class member. Common questions of law and fact exist as to all Class members and predominate over any questions wholly affecting individual Class members. There is a well-defined community of interest in the questions of law and fact involved in the action, which affect all Class members.

Among the questions of law and fact common to the Class are, *inter alia*:

a.     Whether, during the Class Period, 24 Hour Fitness used false representations and falsely advertised price discounts on its products sold in its stores;

b.     Whether, during the Class Period, 24 Hour Fitness advertised its "discounted" products in a deceptive, false, or misleading manner;

c.     Whether, during the Class Period, the market prices advertised by 24 Hour Fitness were the prevailing market prices for the respective products sold in stores during the three month periods preceding the dissemination and/or publication of the advertised former prices;

d.     Whether, during the Class Period, 24 Hour Fitness' advertised "Reg Price" for its products are determined by averaging the price of the given product in the prevailing market over the previous three months;

e.     Whether 24 Hour Fitness engaged in unfair, unlawful, and/or fraudulent business practices under California Law;

f.     Whether 24 Hour Fitness misrepresented and/or failed to disclose material facts about its product pricing and discounts;

g.     Whether 24 Hour Fitness has made false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions;

h.     Whether 24 Hour Fitness advertised the date on which the "Reg Price" of a product was determined;

i.     Whether 24 Hour Fitness' alleged business practices constitute unfair methods of competition and unfair or deceptive acts or practices in violation of, *inter alia*, CAL. BUS. & PROF. CODE §§ 1770, *et seq.*, by making false or misleading statements of fact concerning reasons for, existence of, or amounts of price reductions;

j.     Whether 24 Hour Fitness' business practices, alleged herein, constitute misleading and deceptive advertising under, *inter alia*, CAL. BUS. & PROF. CODE §§ 17500-01;

k.      Whether 24 Hour Fitness' business practices, alleged herein, constitute "unlawful," "unfair," or "fraudulent" business acts or practices under, *inter alia*, CAL. BUS. & PROF. CODE §§ 17200, including: whether 24 Hour Fitness' advertisement of illusory discounts constitutes "unlawful" or "unfair" business practices by violating the public policies set out in CAL. CIV. CODE §§ 1770(a)(13), CAL. BUS. & PROF. CODE §§ 17500-01, 16 C.F.R. § 233.1, and other California and federal statutes and regulations;

l.      Whether 24 Hour Fitness' conduct, as alleged herein, was intentional and knowing;

m.      Whether class members are entitled to damages and/or restitution, and in what amount;

n.      The nature and extent of equitable remedies, including restitution of shipping costs; and declaratory and injunctive relief to which Plaintiff and the class are entitled

o.      Whether 24 Hour Fitness is likely to continue using false, misleading, or illegal price comparisons such that an injunction is necessary; and

p.      Whether Plaintiff and Class members are entitled to an award of reasonable attorneys' fees, pre-judgment interest, and costs of suit.

47. <u>Superiority of Class Action</u>. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for Class members to individually redress the wrongs done to them.  There will be no difficulty in managing this action as a class action.

**FIRST CAUSE OF ACTION**
**Violation of CAL. BUS. & PROF. CODE §§ 17500, *et seq.* -**
**Untrue, Misleading, and Deceptive Advertising**
**(On Behalf of the Nationwide Class**
**or, in the Alternative, the California Class)**

48.   Plaintiff hereby incorporates by reference each of the allegations contained in the preceding paragraphs of this Complaint.

49.   California Business and Professional Code, section 17501, states that:

> No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement.

> For the purpose of section 17501, the retail market price at the time of publication of such advertisement is the retail price in locality wherein the advertisement is published.

50.   At all material times, 24 Hour Fitness engaged in a scheme of advertising that its products were subject to a discount when such discounts were illusory and did not reflect the "prevailing marketing price" of the item for a particular time period in a particular location, or even the price at which the product was recently sold 24 Hour Fitness' stores.

51.   At all material times, 24 Hour Fitness did not include the date on which its "Reg Price" was established.

52.   24 Hour Fitness' advertisement of an inflated "Reg Price" misrepresented and/or omitted the true nature of 24 Hour Fitness' pricing.  Said advertisements were made to consumers located throughout the country and in the State of California and come within the definition of advertising as contained in Cal. Bus. & Prof. Code §§ 17500, *et seq.*  Such promotional materials were intended as inducements to purchase products in 24 Hour Fitness locations and are statements disseminated by 24 Hour Fitness to Plaintiff and other members of the Class.  24 Hour Fitness knew, or in the

exercise of reasonable care should have known, that the statements regarding its pricing were false, misleading, deceptive and violated California law.

53.     24 Hour Fitness has prepared and distributed within the United States, via its nationwide gym locations, advertising that its products were subject to substantial discounts.  Plaintiff necessarily and reasonably relied on 24 Hour Fitness' statements regarding the pricing of its products, and all members of the Class were exposed to such statements.   Consumers, including Plaintiff and members of the Class, were among the intended targets of such representations.

54.   The above acts of 24 Hour Fitness, in disseminating said misleading and deceptive statements throughout the United States, including to Plaintiff and members of the Class, were and are likely to deceive reasonable consumers by obfuscating the true nature of 24 Hour Fitness' discounts.  Thus, the above acts constitute violations of CAL. BUS. & PROF. CODE §§ 17500, *et seq*.

55.   Plaintiff and other members of the Class who purchased products from 24 Hour Fitness' locations suffered a substantial injury.  Had Plaintiff and members of the Class known that 24 Hour Fitness' materials, advertisements, and other inducements misrepresented and/or omitted the true nature of 24 Hour Fitness' discounts, they would not have purchased products from 24 Hour Fitness, or would have paid less for them.

56. Plaintiff, on behalf of themselves and all other similarly situated consumers, and as appropriate, on behalf of the general public, seek restitution and injunctive relief: (1) prohibiting 24 Hour Fitness from continuing the unlawful practices alleged herein, (2) directing 24 Hour Fitness to make corrective notices both on its website and in other appropriate media, (3) allowing Class members to return any products purchased from 24 Hour Fitness' gym locations, at 24 Hour Fitness' expense, that were subject to 24 Hour Fitness' unlawful pricing policy or, alternatively, requiring 24 Hour Fitness to price match any competitor's advertised

price for the same product, and refund any shipping and handling fees for any products purchased from 24 Hour Fitness' locations subject to 24 Hour Fitness' unlawful pricing policy, and (4) any other relief deemed proper by the Court.

**SECOND CAUSE OF ACTION**
**Violation of CAL. BUS. & PROF. CODE §§ 17200,** *et seq.* **-**
**Unlawful Business Acts and Practices**
**(On Behalf of the Nationwide Class**
**or, in the Alternative, the California Class)**

57. Plaintiff hereby incorporates by reference each of the allegations contained in the preceding paragraphs of this Complaint.

58. California Business and Professional Code, section 17501, states:

No price shall be advertised as a former price of any advertised thing, unless the alleged former price was the prevailing market price as above defined within three months next immediately preceding the publication of the advertisement or unless the date when the alleged former price did prevail is clearly, exactly and conspicuously stated in the advertisement.

59. Federal regulations also prohibit the use of deceptive and illusory discounts:

One of the most commonly used forms of bargain advertising is to offer a reduction from the advertiser's own former price for an article. If the former price is the actual, bona fide price at which the article was offered to the public on a regular basis for a reasonably substantial period of time, it provides a legitimate basis for the advertising of a price comparison. Where the former price is genuine, the bargain being advertised is a true one. If, on the other hand, the former price being advertised is not bona fide but fictitious--for example, where an artificial, inflated price was established for the purpose of enabling the subsequent offer of a large reduction--the "bargain" being advertised is a false one; the purchaser is not receiving the unusual value he expects. In such a case, the "reduced" price is, in reality, probably just the seller's regular price.

16 C.F.R. § 233.1(a).

60.   California Civil Code § 1770(a)(5) prohibits representing goods or services as having characteristics and benefits that they do not have.

61.   California Civil Code § 1770(a)(7) prohibits representing goods or services as having a particular standard, quality, or grade when they are of another.

62.   California Civil Code § 1770(a)(9) prohibits advertising goods or services with intent not to sell them as advertised.

63.   California Civil Code § 1770(a)(13) prohibits making false or misleading statements of fact concerning reasons for or the existence or amounts of price reductions.

64.   California Civil Code § 1770(a)(14) prohibits representing that a transaction confers or involves rights which it does not have or involve.

65.   The business practices alleged above are unlawful under California Business & Professional Code §§ 17500, *et seq*., California Civil Code §§ 1770(a)(9) & (13), and federal regulations, each of which forbids 24 Hour Fitness' untrue, fraudulent, deceptive, and/or misleading marketing and advertisements.

66.   Plaintiff and Class members were harmed as a result of 24 Hour Fitness' unfair competition and deceptive acts and practices.  Had 24 Hour Fitness disclosed the true nature of its "discounts," Plaintiff and the Class would not have been misled into purchasing products from 24 Hour Fitness' locations, or, alternatively, would have paid less for them.

67.   Plaintiff, on behalf of themselves and all other similarly situated consumers, and as appropriate, on behalf of the general public, seek restitution and injunctive relief: (1) prohibiting 24 Hour Fitness from continuing the unlawful practices alleged herein, (2) directing 24 Hour Fitness to make corrective notices both on its website and in other appropriate media, (3) allowing Class members to return any products purchased on 24 Hour Fitness locations, at 24 Hour Fitness' expense, that were subject to 24 Hour Fitness' unlawful pricing policy or, alternatively,

requiring 24 Hour Fitness to price match any competitor's advertised price for the same product, and refund any shipping and handling fees for any product purchased on 24 Hour Fitness locations subject to 24 Hour Fitness' unlawful pricing policy, and (4) any other relief deemed proper by the Court.

### THIRD CAUSE OF ACTION
#### Violation of CAL. BUS. & PROF. CODE §§ 17200, *et seq.* -
#### Unfair Business Acts and Practices
#### (On Behalf of the Nationwide Class
#### or, in the Alternative, the California Class)

68.     Plaintiff hereby incorporates by reference each of the allegations contained in the preceding paragraphs of this Complaint.

69.     Plaintiff and other members of the Class suffered a substantial injury by virtue of 24 Hour Fitness' unlawful scheme of advertising that its products were subject to a discount when such discounts were illusory and did not reflect the "prevailing market price" of the item during any particular time period at a particular location or even the price at which the product was previously sold at 24 Hour Fitness locations.

70.     24 Hour Fitness' actions alleged herein violate the laws and public policies of California and the federal government as set out in preceding paragraphs of this Complaint.

71.     There is no benefit to consumers or competition by allowing 24 Hour Fitness to deceptively market and advertise nonexistent discounts in violation of California Law.

72.     The gravity of the harm imposed upon Plaintiff and Class members outweighs any legitimate justification, motive, or reason for marketing and advertising discounted products in a deceptive and misleading manner that violates California law.  Accordingly, 24 Hour Fitness' actions are immoral, unethical, and unscrupulous, offend the established California public policies, and cause substantial injury to Plaintiff and members of the Class.

73.     The above acts of 24 Hour Fitness, in disseminating said misleading and deceptive statements throughout California to consumers, including Plaintiff and members of the Class, were and are likely to deceive reasonable consumers by obfuscating the true nature and amount of the "discount" and the existence of the "discounted" product in violation of Cal. Bus. & Prof. Code §§ 17500, *et seq*. and California Civil Code §§ 1770(a)(9) & (13).

74.     Plaintiff and Class members were harmed and suffered actual damages as a result of 24 Hour Fitness' unfair competition and deceptive acts and practices.  Had 24 Hour Fitness disclosed the true nature of the discounts, Plaintiff and the Class would not have purchased products from 24 Hour Fitness locations or, alternatively, would have paid significantly less for them.

75.     Plaintiff, on behalf of himself and all other similarly situated consumers, and as appropriate, on behalf of the general public, seek restitution and injunctive relief: (1) prohibiting 24 Hour Fitness from continuing the unlawful practices alleged herein, (2) directing 24 Hour Fitness to make corrective notices both on its website and in other appropriate media, (3) allowing Class members to return any products purchased on 24 Hour Fitness' website, at 24 Hour Fitness' expense, that were subject to 24 Hour Fitness' unlawful pricing policy or alternatively requiring 24 Hour Fitness' to price match any competitor's advertised price for the same product, and refund any shipping and handling fees for any product purchased on 24 Hour Fitness' website subject to 24 Hour Fitness' unlawful pricing policy, and (4) any other relief deemed proper by the Court.

## FOURTH CAUSE OF ACTION
### Violation of CAL. BUS. & PROF. CODE §§ 17200, *et seq*. -
### Fraudulent Business Acts and Practices
### (On Behalf of the Nationwide Class
### or, in the Alternative, the California Class)

76.     Plaintiff hereby incorporates by reference each of the allegations contained in the preceding paragraphs of this Complaint.

77.     Such acts of 24 Hour Fitness as described above constitute a fraudulent business practice under Cal. Bus. & Prof. Code §§ 17200, *et seq*.

78.     As more fully described above, 24 Hour Fitness misleadingly markets and advertises its products as discounted from a "Reg Price," when such discounts are illusory and/or overstated.  24 Hour Fitness' misleading marketing and advertisements are likely to, and do, deceive reasonable consumers.   Indeed, Plaintiff and other members of the Class were unquestionably deceived about the nature of 24 Hour Fitness' pricing, as 24 Hour Fitness prominently displayed its products as discounted in its stores, which consumers must use to purchase 24 Hour Fitness' offerings.

79.     24 Hour Fitness' misleading and deceptive practices caused Plaintiff and other members of the Class to purchase the products and/or pay more than they would have otherwise had they known the true nature of 24 Hour Fitness' advertisements.

80.     Plaintiff and Class members were harmed as a result of 24 Hour Fitness' unfair competition and deceptive acts and practices.

81.     Plaintiff, on behalf of themselves and all other similarly situated consumers, and as appropriate, on behalf of the general public, seeks restitution and injunctive relief: (1) prohibiting 24 Hour Fitness from continuing the unlawful practices alleged herein, (2) directing 24 Hour Fitness to make corrective notices both on its website and in other appropriate media, (3) allowing Class members to return any products purchased at 24 Hour Fitness' locations, at 24 Hour Fitness' expense, that were subject to 24 Hour Fitness' unlawful pricing policy, or alternatively requiring 24 Hour Fitness to price match any competitor's advertised price for the same product, refund any shipping and handling fees for any products purchased at 24 Hour Fitness' website subject to 24 Hour Fitness' unlawful pricing policy, and (4) any other relief deemed proper by the Court.

## FIFTH CAUSE OF ACTION
### Violation of CAL. BUS. & PROF. CODE §§ 1750, *et seq*.
### Consumers Legal Remedies Act
### (On Behalf of the Nationwide Class
### or, in the Alternative, the California Class)

82.    Plaintiff hereby incorporates by reference each of the allegations contained in the preceding paragraphs of this Complaint.

83.    24 Hour Fitness sells "goods" and "services" as defined by California Civil Code § 1761.

84.    Each of the Defendants is a "person" as defined by California Civil Code § 1761(c).

85.    Plaintiff and Class members are "consumers" within the meaning of California Civil Code §1761(d) because they purchased the products from 24 Hour Fitness for personal, family, or household use.

86.    The sale of the products to Plaintiff and Class members *via* 24 Hour Fitness locations is a "transaction" as defined by California Civil Code § 1761(e).

87.    As described herein, 24 Hour Fitness violated the Consumers Legal Remedies Act by falsely representing the nature, existence, and amount of price discounts by fabricating inflated market or "Reg Price[s]."  Such a pricing scheme violates California Civil Code in at least the following ways:

a. Section 1770(a)(5) because 24 Hour Fitness represented that its products have characteristics and benefits (discounts) that they do not have (because the items were not actually sold at the advertised "Reg Price" for a reasonable period of time, and thus no true discount is being offered);

b. Section 1770(a)(7) because 24 Hour Fitness represented that its products were of a particular standard, quality, or grade (that the subject products were worth a higher "Reg Price" and thus were more valuable) when they are of another (the products are not worth the stated "Reg Price" and thus are not as valuable

as advertised);

c.   Section 1770(a)(9) because 24 Hour Fitness advertised goods with the intent not to sell them as advertised (because Defendant knew the goods were not valued at the advertised "Reg Price");

d.  Section 1770(a)(13) because 24 Hour Fitness made false or misleading statements of fact concerning the amount of a price reduction (because the advertised "Reg Price[s]" were false and inflated, and thus the consumers did not receive the discounts they thought they were receiving);  and

e.  Section 1770(a)(14) because 24 Hour Fitness represented that the transaction confers or involves rights (the right to receive the offered discount amount) which it does not have or involve (the stated discounts are false or inflated, so that the consumer is not receiving the discount that was offered or advertised).

88.    Plaintiff relied on 24 Hour Fitness' false representations in deciding to purchase goods at 24 Hour Fitness.  Plaintiff would not have purchased such items absent 24 Hour Fitness' unlawful conduct.

89.    Plaintiff and Class members were harmed as a result of 24 Hour Fitness' unfair competition and deceptive acts and practices. Had 24 Hour Fitness' disclosed the true nature of its discounts, Plaintiff and the Class would not have been misled into purchasing products from 24 Hour Fitness' locations, or, alternatively, would have paid less for them.

90.  24 Hour Fitness' acts and omissions constitute unfair, deceptive, and misleading business practices in violation of Civil Code § 1770(a).

91.  Pursuant to the notice requirements under the CLRA, on August 22, 2017, Plaintiff notified 24 Hour Fitness in writing, by certified mail, of the violations alleged herein and demanded that 24 Hour Fitness remedy those violations within thirty (30) days of receipt.  In the event 24 Hour Fitness fails to adequately respond

within the mandated 30-day time period, Plaintiff intends to amend this Complaint to include a request for injunctive relief pursuant to the CLRA.

92.   24 Hour Fitness' conduct is malicious, fraudulent, and wanton in that 24 Hour Fitness intentionally and knowingly provided misleading information to the public.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the proposed Class pray for relief and judgment as follows:

A.   For an order declaring that this action is properly maintained as a class action, appointing Plaintiff as representatives for the Class, and appointing Plaintiff's counsel as Class counsel;

B.   For an order awarding Plaintiff and the members of the Class actual damages, restitution, and/or disgorgement, and/or for an order directing each of the Defendants to allow its customers to return any products purchased at 24 Hour Fitness locations, at 24 Hour Fitness' expense, that were subject to 24 Hour Fitness' unlawful pricing policy, or price match any competitor's advertised price for the same product purchased from 24 Hour Fitness locations that were subject 24 Hour Fitness' unlawful pricing policy;

E.   For an order enjoining each of the Defendants from continuing to engage in the unlawful and unfair business acts and practices as alleged herein;

F.   For an order directing each of the Defendants to make corrective notices on its website and in other appropriate publications.

G.   For restitution of all shipping and handling fees charged for products purchased at 24 Hour Fitness locations subject to 24 Hour Fitness' unlawful advertising;

H.   For an order awarding Plaintiff's attorneys' fees and costs of suit, including expert witness fees, as permitted by law; and

I.      Such other and further relief as this Court may deem just and proper.

## JURY TRIAL

Plaintiff demands a trial by jury for all of the claims asserted in this Complaint so triable.

Respectfully submitted,

**AHDOOT & WOLFSON, PC**

Dated: August 23, 2017          By:  /s/ *Tina Wolfson*
                                          Robert Ahdoot
                                          rahdoot@ahdootwolfson.com
                                          Tina Wolfson
                                          twolfson@ahdootwlfson.com
                                          Vanessa Shakib
                                          vshakib@ahdootwolfson.com
                                          1016 Palm Avenue
                                          West Hollywood, CA 90069
                                          Tel: (310) 474-9111; Fax: (310) 474-8585

                                          Reuben D. Nathan
                                          rnathan@nathanlawpractice.com
                                          **NATHAN & ASSOCIATES, APC**
                                          600 W. Broadway, Suite 700
                                          San Diego, California 92101
                                          Tel: (619)272-7014; Fax: (619) 330-1819

                                          Ross Cornell
                                          rosslaw@me.com
                                          **LAW OFFICES OF ROSS CORNELL**
                                          111 Ocean Blvd., Suite 400
                                          Long Beach, California 90802

                                          *Attorneys for Plaintiff*
                                          *and the Putative Class*

- 24 -